UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER L. WHITLEDGE,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 3:25-cv-05858<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

Plaintiff seeks review of the denial of her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act. Plaintiff alleges the Administrative Law Judge ("ALJ") erred by finding Plaintiff was not disabled. Dkt. 6. After considering the record, the Court concludes the ALJ erred in finding Plaintiff not disabled. The Court accordingly REVERSES the Commissioner's final decision and REMANDS the case for further proceedings.

## I. PROCEDURAL HISTORY

Plaintiff's application for DIB pursuant to 42 U.S.C. § 423 (Title II) and SSI pursuant to 42 U.S.C. § 1382(a) (Title XVI) was considered at two hearings before ALJ Allen G. Erickson ("ALJ Erickson"). AR 1391–1409, 1447–64. Plaintiff's first hearing before ALJ Erickson was held on October 27, 2022. AR 62. On January 5, 2023, ALJ Erickson issued a decision

concluding that Plaintiff was not disabled pursuant to the Social Security Act. AR 1447–64. On May 8, 2023, the Appeals Council ("AC") denied Plaintiff's request for review. AR 1482–84. On August 2, 2023, Plaintiff appealed the ALJ's decision, filing a complaint in this Court. *See* AR 1487.

This Court reversed and remanded. AR 1489. On August 22, 2025, ALJ Erickson again concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 1391–1409. Plaintiff then filed this action. Dkt. 6. Defendant filed the sealed Administrative Record ("AR") on February 13, 2026. Dkt. 8. Both parties have submitted additional briefing on the issues. Dkt. 12, 14–15.

## II. BACKGROUND

Plaintiff was born in May 1971 and was 45 years old on the alleged date of disability onset of February 22, 2017. AR 419, 620. Plaintiff has a General Educational Development ("GED") credential and her most recent employed position was as a housekeeper in a nursing home in 2014. AR 620. As of June 2018, she performed independent housecleaning twice a week for a total of seven hours per week. AR 629. According to the ALJ, Plaintiff suffers from, at a minimum, anxiety disorder, depressive disorder, and post-traumatic stress disorder ("PTSD"). AR 1397. However, the ALJ found Plaintiff was not disabled because she had the following residual functional capacity ("RFC") to perform "a full range of work at all exertional levels" with "the following nonexertional limitations":

> [S]he can understand, remember, and carry out simple instructions, but not in a fast paced, production type environment, like a job with an assembly line or with a high hourly quota. She can make simple work-related decisions. She can have occasional interaction with the general public, coworkers, and supervisors, but she cannot work [in a] team-oriented environment. She can have exposure to occasional changes in a routine work setting.

AR 1400.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). In Plaintiff's opening brief, she raises the following issues: whether the ALJ properly evaluated the medical opinion of (1) Dr. Alysa Ruddell, Ph.D., ("Dr. Ruddell") and (2) Licensed Mental Health Counselor Sebastian Smith ("LMHC Smith"). Dkt. 12 at 2.

For applications filed on or after March 27, 2017, the agency has directed ALJs not to defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.920c(a). Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their "supportability" and "consistency," as well as other relevant factors. *Id.* The Ninth Circuit has recognized that the "revised social security regulations are clearly irreconcilable" with its earlier "caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

### A. The 2016–2018 evaluations of Dr. Ruddell

Dr. Ruddell performed psychological evaluations of Plaintiff on September 19, 2016; July 31, 2017; and June 4, 2018. AR 620–23 (2016 evaluation); AR 642–49 (2017 evaluation); AR 629–632 (2018 evaluation). The evaluations documented, among other things, the following:

- **2016:** marked[1] difficulty learning new tasks, adapting to changes in a routine work setting, and setting realistic goals and planning independently; normal psychomotor, full range of affect, appropriate mood, impaired memory, adequate fund of knowledge, and impaired executive functioning for abstract thinking. AR 622–23.
- **2017:** marked difficulty adapting to changes in a routine work setting and completing a normal work day and work week without interruptions from psychologically based symptoms; normal psychomotor, flat/blunt affect, depressed mood, impaired memory, adequate fund of knowledge, impaired executive functioning for abstract thinking, and impaired problem solving. AR 644–45.
- **2018:** marked difficulty adapting to changes in a routine work setting, completing a normal work day and work week without interruptions from psychologically based symptoms, and setting realistic goals and planning independently; restless psychomotor, anxious mood, impaired memory, impaired fund of knowledge, impaired concentration, and abstract thinking skills within normal limits. AR 631–32.

The ALJ found Dr. Ruddell's evaluations unpersuasive, "conclusory, insufficiently supported, and inconsistent with the overall treatment record." AR 1405. The ALJ noted that the "mental health treatment record reflects mostly normal findings" and notes that Plaintiff often presented as "alert[,] calm, relaxed, cooperative, and engaged" with the ability to "attend to all household tasks independently, such as cooking and cleaning." AR 1406. He discounted Dr. Ruddell's findings that Plaintiff had marked difficulty in certain areas relevant to ability to function in a work setting as "inconsistent with the claimant['s] clinical presentation and activities." *Id.*

---

[1] The evaluations note that "marked" difficulty means "a very significant limitation on the ability" to perform the given "basic work activity." *See* AR 622.

Plaintiff argues the ALJ erred by failing to provide a legally sufficient reason for rejecting Dr. Ruddell's opinions and finding them inconsistent with the treatment record. Dkt. 12 at 7–10. She argues that having an appropriate mood and affect does not bear on her ability to complete a normal workday or workweek without psychological interruptions, set realistic goals, or plan independently. *Id.* at 8–10. She further argues that her ability to attend to tasks required for daily living itself is significantly impaired and that, in any event, "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Id.* at 10.

The Commissioner argues that the ALJ correctly determined Dr. Ruddell's opinions were not supported by the record and were inconsistent. Dkt. 14 at 10–13. It points the Court to the fact that "Plaintiff's activities were quite robust" and included traveling out of state, "independently managing household chores, shopping in stores, using public transportation, coordinating care for her father, and regularly using a computer and smartphone." *Id.* at 12. This required "planning, social interaction, and sustained attention," which is "inconsistent with Plaintiff's allegations of marked limitations in adaptation, concentration, and completing a normal workday or workweek." *Id.*

Relevant here is *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014). In that case, the Ninth Circuit emphasized that courts evaluating mental health impairments should not discount evidence "merely because symptoms wax and wane in the course of treatment." *Id.* at 1017; *see also Heather N. W. v. Comm'r of Soc. Sec.*, No. 3:23-CV-05512-GJL, 2024 WL 1406679, at *3 (W.D. Wash. Apr. 2, 2024) (discussing how "mental impairments . . . ebb and flow"); *Caceres v. Colvin*, No. 3:14-CV-05908-DWC, 2015 WL 4040727, at *7 (W.D. Wash. July 1, 2015) (noting that there may be a "day-to-day variation" in a plaintiff's "mental status"). Because cycles of improvement and regression are common, changes in reported symptoms from one given day to another must be evaluated in the context of the claimant's "overall well-being and the nature of

her symptoms." *Garrison*, 759 F.3d at 1017. They must be viewed with an understanding that "improved functioning while being treated and while limiting environmental stressors does not always mean a claimant can function effectively in the workplace." *Id.* Ultimately, whether a claimant is "doing well" for the purposes of treatment "has no necessary relation to a claimant's ability to work or to her work-related functional capacity." *Id.* (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)). "In order for the ALJ to rely on examples of inconsistent symptom severity . . . , the ALJ [is] required to explain *why* the examples of inconsistent mental health . . . reporting were, in fact, examples of improvements or true discrepancies, rather than the ebb and flow of the claimant's mental impairments." *Caceres*, 2015 WL 4040727, at *7 (emphasis in original).

The ALJ failed to meet this standard here. By treating the fluctuations in Plaintiff's mental health as evidence of "inconsistency," the ALJ failed to provide reasoning supported by substantial evidence to discount Dr. Ruddell's evaluations. AR 1405–06. Dr. Ruddell's medical opinions were detailed, well-supported, and consistent with the record. AR 620–49. By emphasizing Plaintiff's normal clinical findings to dismiss the marked difficulties evidenced in Dr. Ruddell's evaluations as conclusory or contradictory, the ALJ erred. AR 1405–06.

The ALJ's error was not harmless. An error is harmless only if there is "substantial evidence supporting the ALJ's decision" and the error "does not negate the validity of the ALJ's ultimate conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The rejection of Dr. Ruddell's opinions cannot meet this threshold. "Had the ALJ credited fully Dr. [Ruddell's] opinions, plaintiff's RFC would be assessed differently, thus affecting the ultimate determination regarding disability." *Garrett v. Colvin*, No. 13-CV-05087-RJB, 2014 WL 813640, at *4 (W.D. Wash. Mar. 3, 2014).

Accordingly, the ALJ committed reversible error by rejecting Dr. Ruddell's evaluations.

**B. The April 2025 assessment of LMHC Smith**

The ALJ was also unpersuaded by LMHC Smith's April 2025 assessment, finding it "unsupported" and "inconsistent with the overall record." AR 1407. LMHC Smith's assessment found Plaintiff had PTSD symptoms that, among other things, affected her concentration, social interactions, memory, sustained attention, and ability to adapt to stressful situations. AR 2098–2103. The ALJ determined that LMHC Smith's findings contradicted findings that Plaintiff, at times, presents as "alert[,] calm, relaxed, [and] cooperative," among other things. AR 1407.

As with Dr. Ruddell, the ALJ discounted Smith's assessment by pointing to other instances in the record where Plaintiff showed normal findings, temporary stability or minor improvements. *Id.* In doing so, the ALJ again ignored *Garrison*'s caution that mental health symptoms wax and wane. *Garrison*, 759 F.3d at 1017. Because the ALJ failed to evaluate Smith's findings within the broader context of Plaintiff's impairments, the ALJ's reasons for rejecting LMHC Smith's opinions lack the support of substantial evidence and constitute reversible error.

**IV. CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this order.

Dated this 22nd day of September, 2026.

Tiffany M. Cartwright
United States District Judge